

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Kenneth Deputy v. John Williams, et al

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kenneth Deputy v. John Williams, et al" (2009). *2009 Decisions.* Paper 1655.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1655

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-97                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3517
_____

KENNETH T. DEPUTY,
                                    Appellant

v.

DEPUTY ATTY GENERAL JOHN WILLIAMS;
JUDGE ROBERT B. YOUNG; JUSTICE CAROLYN BERGER;
JUSTICE RANDY HOLLAND; JUSTICE JACK B. JACOBS

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 08-cv-00265)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 5, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges.

(Filed: March 27, 2009 )
_____

OPINION
_____

PER CURIAM

    Kenneth Deputy appeals from the District Court's order dismissing his complaint

as frivolous and for failure to state a claim upon which relief can be granted pursuant to

28 U.S.C. § 1915A. The District Court also denied Deputy's motion for recusal and declined to grant Deputy leave to file an amended complaint. Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Deputy alleged that the defendants violated his civil and constitutional rights during habeas corpus proceedings he initiated in 1997. In particular, Deputy alleged that the defendants engaged in conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; violated 42 U.S.C. § 1986 by neglecting to prevent and aiding in wrongful acts that resulted in the denial of relief; violated the Fourth, Fifth, Eighth and Fourteenth Amendments by concealing corrupt practices and the individuals involved in the conspiracy; and forged and fabricated documents in violation of several federal statutes. He sought injunctive and declaratory relief, as well as compensatory and punitive damages. He also requested that the court order his release and make a declaratory finding on whether his commitment for attempt to commit a crime was in accordance with Delaware law.

Before this Court, Deputy alleges that the District Court "incorrectly decide(d) the facts in his case and misapplied applicable law." In particular, he claims that his commitment was "irregular" because the arrest warrant and complaint were "not filed or processed by the Court as required by the Constitution." He also states that he is entitled to relief because "[c]ourt officials had to conspire and cover-up official misconduct by

2

fellow colleagues" and that "the defendants are clearly of knowledge of the wrongs conspired to be continually done to appellant." He also alleges, without support, that all defendants "acted in complete absence of all jurisdiction." Finally, Deputy alleges that Judge Robinson should have recused herself because of her involvement in a previous habeas petition he filed.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

As the District Court correctly noted, Deputy's claims fail from the outset because all of the named defendants are protected by either judicial or prosecutorial immunity. The named defendants are Judge Robert B. Young of the Superior Court of Delaware; Justice Carolyn Berger, Justice Randy Holland, and Justice Jack Jacobs of the Delaware Supreme Court; and Delaware Deputy Attorney General John Williams. Judicial immunity is "immunity from suit, not just from ultimate assessment of damages" and is only overcome in two circumstances. Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). First, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citing Forrester v. White, 484 U.S.219, 227-29

3

(1988); Stump v. Sparkman, 435 U.S. 349 (1978); Bradley v. Fisher, 80 U.S. 335, 351 (1871)).

Prosecutors are entitled to similar immunity from suit.  In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that "in light of the immunity historically accorded prosecutors at common law, state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role."  Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007) (citing Imbler, 424 U.S. at 427, 431).  Actions shielded by judicial immunity include "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State[.]" Id. (quoting Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006).[1]

The District Court noted that Deputy fails to provide "more than labels and conclusions and . . . formulaic recitation of the law" of judicial and prosecutorial immunity.  Deputy's allegations against the judge and justices are based solely on their denial of his petition for writ of habeas corpus.  Likewise, Williams' involvement is limited to the motion he submitted asking the Supreme Court to affirm the decision of the Superior Court denying Deputy's petition for writ of habeas corpus.  All of these actions

[1]We note the recent Supreme Court decision of Van De Kamp v. Goldstein, __S. Ct.__, 2009 WL 160430 (2009), which further broadened the scope of immunity for state prosecutors.  The Court concluded that prosecutors are entitled to absolute immunity in respect to claims that their "supervision, training, or information-system management was constitutionally inadequate."

are clearly within the scope of their respective judicial and prosecutorial duties, and thus all defendants are immune from suit.

The District Court also correctly identified that, to the extent Deputy attempts to challenge his conviction and confinement, the sole federal remedy available is habeas corpus. See Wright v. Cuyler, 624 F.2d 455, 457 (3d Cir. 1980) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff "'must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Gibson v. Superintendent, 411 F.3d 427, 435 (3d Cir. 2005) (quoting Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). At no point does Deputy make such a showing. As a result, his complaint fails on this basis as well.

The District Court also properly dismissed Deputy's allegations that the defendants committed forgery and fabricated documents. The federal criminal code does not contain the statutes referred to by Deputy in his complaint. Furthermore, Deputy makes nothing more than blanket assertions that such fabrication took place, and is required to make a "showing" rather than a blanket assertion of entitlement to relief. Phillips v. County of

5

Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The District Court properly dismissed these claims.

Finally, the District Court correctly denied Deputy's motion for recusal. According to 28 U.S.C. § 455(a), a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  Deputy's recusal motion is based solely on Judge Robinson's involvement in a previous habeas petition that was denied. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States., 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).  As a result, the District Court properly denied the motion.

In conclusion, Deputy's appeal is lacking in arguable legal merit, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of our disposition, Deputy's motion for appointment of counsel is denied.